| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CURTIS A. MAYES, §
§
      Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:04-CV-794
§
ROBERT BEHRENS, §
§
      Defendant. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Curtis A. Mayes, an inmate confined at the Stiles Unit, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Robert Behrens.

    The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

    Additionally, plaintiff failed to exhaust the available administrative remedies prior to filing this action. Administrative remedies must be exhausted regardless of the type of relief which is

sought in the lawsuit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Prisoners are generally required to follow the procedures adopted by the prison system. *See Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Further, an inmate must proceed through all available steps in the institutional system. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). An inmate's grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *See Johnson*, 385 F.3d at 517.

A review of the grievances submitted with plaintiff's complaint reveals that plaintiff made no complaint of the actions of defendant Behrens or the failure to implement a policy concerning the immediate accommodation of a suffering patient. Thus, plaintiff did not give prison officials a fair opportunity to address the problem that forms the basis of this lawsuit. As plaintiff failed to exhaust the available administrative remedies, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(a).

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED at Beaumont, Texas, this 7th day of June, 2006.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE